*G. Read.* Brawley having paid taxes in 1798 and 1799, it appears he was left off the assessment list, perhaps by neglect. It would therefore seem hard to destroy his right of suffrage, if the Constitution does not absolutely require it.

PER CURIAM. The Constitution [Art. 4] requires the payment of taxes within two years, and the Court have not power in this case to mold or bend the Constitution so as to relieve the defendant on this point. If, however, an elector should be left off by neglect, perhaps he might have his remedy against such officer.

Verdict, not guilty, after jury were up several hours. And Court granted a certificate of probable cause.

### ELISHA EVANS v. CHRISTIAN EVANS.

Court of Common Pleas. April 24, 1804.

*Rodney's Notes.*

*Bayard, Horsey* [for plaintiff]. *Vandyke* [for defendant].

Mrs. Jackson, Mrs. Jacobs and Constantine Jacobs examined. That Negro Sambo formerly belonged to Thomas, the father of Jehu, and Elisha, and lived with Jehu, the administrator, many years, then left him and went to Elisha. Phillip O'Day and Christian, the son of Jehu, took [him] from near Elisha's [and] carried him to Clement Jackson's. Kept him there one day, [and he] was then carried to Constantine Jacobs. About eleven o'clock that night [he was taken] to Morris's shop and ironed [and] was sold for £95 to Charles Vaughn, who went to Georgia soon after. [He] was taken to Thomas Fruney's that night. Four Negroes, one of whom was Sambo, left to Jehu, Owen, and Elisha.

*Vandyke* for defendant. The three brothers were tenants in common, and one tenant cannot maintain this action against another.

*Bayard.* 6 Term 766, one tenant in common may bring trover and recover the amount of his interest in a chattel.

Verdict for plaintiff, £30 and upwards.